# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:_____

RIGHTHAVEN LLC, a Nevada limited-liability company,

        Plaintiff,

v.

ICONIX BRAND GROUP, INC., a Delaware corporation;
ROC APPAREL GROUP LLC d/b/a ROCAWEAR, a New York limited liability company; and
MONIQUE BALCARRAN, an individual,

        Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Righthaven LLC ("Righthaven") complains as follows against Iconix Brand Group, Inc. ("Iconix"), Roc Apparel Group LLC d/b/a Rocawear ("Rocawear"; collectively with Iconix known herein as the "Publishers") and Monique Balcarran ("Ms. Balcarran"; collectively with Iconix and Rocawear known herein as the "Defendants") on information and belief, and at all times relevant to this lawsuit, unless otherwise specifically indicated herein to the contrary:

## NATURE OF ACTION

1.     This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2.     Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.     Righthaven is in good standing with the Nevada Secretary of State.

4. Iconix is a Delaware corporation.

5. Rocawear is a New York limited liability company.

6. Rocawear is, and has been at all times relevant to this lawsuit, is a subsidiary of, and owned by Iconix.

7. Rocawear is, and has been at all times relevant to this lawsuit, identified by the current registrar, Corporate Domains, Inc. ("Corporate Domains"), as the registrant of the Internet domain found at <roc4life.com> (the "Domain").

8. Iconix is, and has been at all times relevant to this lawsuit, identified by Corporate Domains as the administrative contact of the Domain (the content accessible through the Domain and the Domain itself is known herein as the "Website").

9. Iconix is, and has been at all times relevant to this lawsuit, the self-proclaimed operator and maintainer of the Website.

10. Rocawear is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) displayed on the Website, as evidenced by a copyright notice on the Website: "© 2011 Created by Rocawear."

11. Ms. Balcarran is, and has been at all times relevant to this lawsuit, an Associate Editor of and contributor to the Website.

## JURISDICTION

12. This Court has jurisdiction over the subject matter and the parties under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as jurisdictional provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

13. Righthaven is the owner of the copyright in and to the photograph entitled: "TSA Agent performs enhanced pat-downs" (the "Work"), attached hereto as Exhibit 1.

14. On or about November 23, 2010, the Defendants willfully reproduced the Work on an unauthorized basis, from a source emanating from Colorado.

15. On or about November 23, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

16. The composition, at least in part, of the Work and the Infringement, is a Transportation Security Administration Agent performing an enhanced pat-down search in the Denver, Colorado airport.

17. The focal point of the Infringement is Denver, Colorado.

18. The only geographic location that is associated with, and related to the Work, is Denver, Colorado.

19. The Work was originally published in *The Denver Post*.

20. The Defendants knew that the Work was originally published in *The Denver Post*.

21. The Defendants knew that the Work originally emanated from Colorado.

22. The Infringement, as publicly displayed on the Website, was and is accessible to persons in Colorado.

23. The Infringement occurred and continues to occur in Colorado.

24. The Defendants' display of the Infringement was and is purposefully directed at Colorado residents.

25. The harm caused by the Infringement, was experienced, at least in part, in Colorado.

## **VENUE**

26. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because Defendants are subject to personal jurisdiction in Colorado.

27. The United States District Court for the District of Colorado is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Colorado.

## FACTS

28. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(5).

29. Righthaven is the owner of the copyright in and to the Work.

30. The Work was originally published on or about November 18, 2010.

31. On December 8, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number VA0001751279 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

32. On or about November 23, 2010, Defendants displayed, and continue to display, the Infringement on the Website.

33. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

34. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

35. The Publishers knew, or reasonably should have known, that websites, such as the Website, are and were the habitual subject of postings by others of copyright-infringing content.

36. The Publishers did not institute any proactive policy of precluding, or attempting to preclude, the postings by others of copyright-infringing content on the Website.

37. The Publishers did not institute any proactive policy of monitoring, or attempting to monitor, the postings by others of copyright-infringing content on the Website.

38. The Publishers did not institute any proactive policy of deleting, or attempting to delete, the postings by others of copyright-infringing content on the Website.

39. The Publishers' failure to institute any proactive policies intended to address the contributions by others of copyright-infringing content on the Website constituted and constitutes the Publishers' willful blindness to copyright infringements occurring on the Website.

## FIRST CLAIM FOR RELIEF: DIRECT COPYRIGHT INFRINGEMENT

40. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 39 above.

41. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

42. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

43. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

44. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

45. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

46. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

47. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

48. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

49. The Defendants have willfully engaged in the copyright infringement of the Work.

50. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

51. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Defendants of the Work, pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF: VICARIOUS COPYRIGHT INFRINGEMENT

52. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 51 above.

53. The Publishers directly profited and continue to directly profit from infringement of the Work.

54. The Publishers have the right to stop or limit infringement of the Work by contributors to the Website, but have declined to meaningfully exercise that right.

55. Righthaven has been damaged as a result of the Publishers' acts as alleged herein, and the Publishers are liable to Righthaven for such damages pursuant to 17 U.S.C. § 504(a)(2).

56. The Publishers' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

57. Unless the Publishers are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Publishers of the Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Defendants, and Defendants' officers, agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under Defendants, from directly or indirectly infringing the

Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

      2.     Direct Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

           a.     All evidence and documentation relating in any way to Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

           b.     All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Defendants have communicated regarding Defendants' use of the Work; and

           c.     All financial evidence and documentation relating to Defendants' use of the Work;

      3.     Direct Corporate Domains, the current registrar, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

      4.     Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

      5.     Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

      6.     Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

      7.     Grant Righthaven such other relief as this Court deems appropriate.

/ / /

/ / /

/ / /

/ / /

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 30th day of March, 2011.

By: /s/ Steven G. Ganim
STEVEN G. GANIM, ESQ.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Tel: (702) 527-5900
Fax: (702) 527-5909
sganim@righthaven.com

SHAWN A. MANGANO, ESQ.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas. Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851
shawn@manganolaw.com

*Attorneys for Plaintiff Righthaven LLC*